**UNISTRUT CORPORATION, a Michigan corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 25121.**

United States District Court
E. D. Michigan, S. D.

Feb. 26, 1965.

Roscoe O. Bonisteel, Jr., Ann Arbor, Mich., for plaintiff.

Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., John B. Jones, Jr., Acting Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., A. C. Murphy, Attys., Dept. of Justice, Washington, D. C., for defendant.

THORNTON, District Judge.

The plaintiff has filed a motion entitled MOTION FOR THE PRODUCTION OF DESIGNATED DOCUMENTS FOR INSPECTION, COPYING AND PHOTOGRAPHING. Defendant has filed its objection to this motion. The grounds on which it bases its objection are that plaintiff has made no showing of good cause for the requested production; that plaintiff seeks production of the government's work product; that such documents neither constitute evidence nor will they lead to the discovery of admissible evidence; and lastly, that the de-

scribed documents are protected by executive privilege.

At the oral hearing upon the motion, defendant's counsel placed emphasis upon the lack of showing of good cause, the lack of specific identification of the items sought, and upon executive privilege. Briefs have been submitted to the Court by counsel for the respective parties.

Plaintiff's suit here is for a tax refund. Plaintiff alleges it was directed by the Internal Revenue Service to pay an additional sum as taxes due in connection with the calendar years 1957, 1958, and 1959, pursuant to the provisions of Section 531 of the Internal Revenue Code of 1954 pertaining to corporate retention or accumulation of net profits.

The burden in this type of case is upon a corporation to prove that, as to it, the statute is inapplicable. After inspection and review of the corporate records, it was determined by the Commissioner of Internal Revenue that the statute had application to the plaintiff corporation and the assessment was therefor made and plaintiff paid it.

It appears from the oral presentation by counsel for the respective parties that the documents herein sought to be produced actually represent computations and analyses by the Internal Revenue Service based upon the records of the corporation, by which it was determined that Section 531 was applicable. There are no facts or records, as such, in the possession of defendant that plaintiff seeks to have produced. The most that plaintiff can gain from the matters it seeks is an idea of defendant's theory as to why Section 531 has application to it. We do not conceive that this is information to which plaintiff is entitled. If plaintiff proves its case *for* the retention of net profits, what difference does it make what theory defendant has as to the contrary?

Plaintiff places strong reliance on the holding in Frazier v. Phinney, D.C., 24 F.R.D. 406. That case also was a suit for tax refund. Plaintiffs there claimed that they were notified "that assessments of income tax deficiencies plus 50% fraud and understatement of estimated tax penalties had been made against them for the calendar years 1953 and 1954, that the alleged deficiencies, penalties, and interest were paid under protest by plaintiffs * * *." (pp. 407–408).

The court went on further to say:

"Plaintiffs contend that defendant has given no explanation whatsoever for these alleged deficiencies and penalties, stating only that 'this determination of your income tax liability has been made on the basis of information on file in this office.' They allege that they made many requests for an explanation and for a statement of facts upon which the alleged deficiencies were based and that all such requests were summarily refused by defendant." (p. 408)

The distinction between that case and the instant one is immediately apparent. The Fraziers had no knowledge of the basis for the alleged deficiency assessment. This cannot be said of the plaintiff in the instant case. Plaintiff here knows precisely what the basis of the assessment was. It was the specific language of Section 531. Plaintiff knows exactly what it must present in order to prove it is entitled to the refund it seeks. It must show that Section 531 is inapplicable to it with respect to the tax years in question. Plaintiff is not operating in the dark in its preparation for trial. If plaintiff shows that there was justification for the accumulation or retention of the profits, has it not proved its case?

We quote again from the Frazier case: "It cannot be argued that the basis for their alleged tax deficiencies is peculiarly within the knowledge of plaintiff taxpayers and that they know, as well as the Government can know, why deficiencies were assessed against them." The above cannot be said here. Plaintiff here

knows exactly the basis for the assessment—Section 531.

 In its motion, plaintiff states "that the revelation of such records would assist in the apprisal of the true nature of the above-entitled cause for the edification of all parties concerned." The true nature of this case is abundantly clear. The government has taken the position that Section 531 applies to plaintiff. Plaintiff has paid the assessed taxes and now sues for refund. This is a regular procedure for testing the validity of an assessment. Plaintiff has the normal burden of proof. Defendant will have the job of meeting the evidence adduced by plaintiff. In the event plaintiff should be taken by surprise during the course of trial so that it needs time to meet any matter presented by defendant, the Court will give consideration to the advisability of granting a continuance if a request for such is made.

It is ordered that plaintiff's motion for production be and the same is hereby denied.