Constance M. BISHOP, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15894.

United States Court of Appeals
Sixth Circuit.

March 24, 1965.

Charles E. Pierson and Kenneth G. Humer, Akron, Ohio, for petitioner.

James F. Flug, Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Edward B. Greensfelder, Jr., Attys., Dept. of Justice, Washington, D. C., on the brief, for respondent.

Before MILLER, CECIL and EDWARDS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The taxpayer, Constance M. Bishop, a widow of more than 65 years of age, borrowed in 1954 $159,000.00 from The Society for Savings, Cleveland, Ohio, using as collateral securities which were

not tax-exempt obligations under Section 265(2), Internal Revenue Code. The proceeds of this loan were used to purchase stock and debentures of a corporation, Producing Properties, Inc., which, likewise, were not tax-exempt obligations.

On June 6, 1955, the taxpayer established an agency account at The Cleveland Trust Co., Cleveland, Ohio, to which she transferred substantially all her investments, exclusive of real property. These funds were carried by the Trust Company under (1) a "principal" ledger, which accounted for all capital transactions, and (2) an "income cash" ledger, which accounted for all receipts and disbursements of cash from dividends, interest, etc.

At the same time, the taxpayer borrowed $159,000.00 from the Trust Company on a demand basis at 3 per cent interest, using as collateral securities which were not tax-exempt obligations. The proceeds of this loan were used to repay the prior loan in the same amount made by The Society for Savings in 1954.

On March 14, 1956, the taxpayer sold her stock and debentures in Producing Properties, Inc., for $223,424.18, realizing a gain in the amount of $64,424.18. The sales proceeds were not used to pay off the $159,000.00 loan to the Trust Company, but were deposited in the agency principal account. On March 27, 1956, the taxpayer paid $26,900.00 in cash into the agency principal account. On April 2, 1956, she redeemed United States Savings Bonds and deposited the proceeds of $15,187.50 in the same account.

On April 5 and 10, 1956, the taxpayer purchased through the agency principal account municipal bonds in the total amount of $216,875.00, which were tax-exempt obligations under Section 265(2). Thereafter, at intervals throughout the remainder of 1956 the taxpayer bought and sold both taxable and tax-exempt obligations for the agency principal account. Among these sales were sales on September 12 and 14 of the tax-exempt obligations purchased on April 5 and 10, 1956. The proceeds in the amount of $204,125.00 were deposited in the agency principal account. For a more detailed statement of the transactions, reference is made to the opinion of the Tax Court in Bishop v. Commissioner of Internal Revenue, 41 T.C. 154.

At the end of 1956 and of each successive year through 1959, the taxpayer had on hand tax-exempt obligations of from $466,328.56 to $528,314.79 and taxable securities of from $3,024,542.31 to $5,092,132.62. The $159,000.00 loan from the Trust Company was still outstanding and unpaid in 1958 and 1959. In 1959 the taxpayer transferred her investments in the agency account to the Cleveland Trust Co., as trustee, with herself as beneficiary.

In her 1958 and 1959 income tax returns, the taxpayer claimed deductions of $9,050.65 and $10,431.39, respectively, for interest paid by her. The Commissioner disallowed that part of these interest payments which was attributable to the $159,000.00 loan from the Trust Company in the respective amounts of $6,446.12 for 1958 and $7,057.83 for 1959, and assessed deficiencies in the amounts of $5,457.98 and $5,600.85 for 1958 and 1959, respectively. The Tax Court sustained the Commissioner, of which decision the taxpayer seeks the present review.

The applicable statutes are Sections 163(a) and 265(2) of the Internal Revenue Code of 1954. Section 163(a) allows as a deduction for individual income tax purposes "all interest paid or accrued within the taxable year on indebtedness." However, Section 265 contains a qualification by providing that "No deduction shall be allowed for * * * (2) Interest on indebtedness incurred or continued to purchase or carry obligations * * * the interest on which is wholly exempt from the taxes imposed by this subtitle." Both the Commissioner and the Tax Court took the position that the indebtedness of $159,000.00 in the present case, the interest on which is claimed as a deduction, was "continued" to purchase or carry tax exempt ob-

ligations within the provisions of Section 265(2), and, accordingly, was not deductible.

The Commissioner concedes that the $159,000.00 indebtedness was not *incurred* to purchase tax-exempt obligations. But he contends that the indebtedness was *continued* to purchase or carry tax-exempt obligations. The undisputed facts show that the indebtedness was not paid off when the non-tax-exempt securities purchased with the proceeds of the loan were later sold and, in fact, *continued* to exist thereafter throughout the taxable years in question. Accordingly, the only question presented is whether the indebtedness was continued to purchase or carry tax-exempt securities. The undisputed facts show that within less than a month after selling the non-tax-exempt obligations, which were purchased with the proceeds of the loan, the taxpayer purchased tax-exempt obligations in the total amount of $216,875.00. During the remainder of 1956 numerous other tax-exempt obligations were purchased, as well as some non-tax-exempt obligations in a much smaller amount.

■ In our opinion, these undisputed facts are sufficient to support the Tax Court's finding that the indebtedness was continued to purchase or carry tax-exempt securities. Jacobson v. Commissioner of Internal Revenue, 28 T.C. 579. It is the function of the Tax Court to draw inferences from the facts, and to choose between conflicting inferences. Patton v. Commissioner of Internal Revenue, 168 F.2d 28, 31, C.A. 6th.

■ The finding of the Commissioner has the support of a presumption of correctness, and the taxpayer has the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Patton v. Commissioner of Internal Revenue, supra, 168 F.2d 28, 31, C.A. 6th; Doll v. Glenn, 231 F.2d 186, 188, C.A. 6th. The fact that there were other funds available in the agency account to purchase the tax-exempt securities in no way shows that such other funds were so used. It merely shows the possibility that they could have been so used. That is not enough. A taxpayer seeking a deduction must point to an applicable statute and show that he comes within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348. The burden of proof to establish a deduction and the amount of it is upon the taxpayer. Botany Worsted Mills v. United States, 278 U.S. 282, 289–290, 49 S.Ct. 129, 73 L.Ed. 379; Reinecke v. Spalding, 280 U.S. 227, 232–233, 50 S.Ct. 96, 74 L.Ed. 385; Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991. The fact that the circumstances may be such as to make it difficult or impossible, without fault on the part of the taxpayer, to prove a material fact necessary to establish a claimed deduction does not relieve the taxpayer of this burden. Burnet v. Houston, supra, 283 U.S. 223, 228, 51 S.Ct. 413, 75 L.Ed. 991; Doll v. Glenn, supra, 231 F.2d 186, 188, C.A. 6th.

The decision of the Tax Court is affirmed.