**CHEMICAL BANK NEW YORK TRUST COMPANY, as Executor of the Estate of William Deering Howe, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Feb. 4, 1966.

Shearman & Sterling, New York City, for plaintiff; Thomas P. Ford, W. Foster Wollen, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, for defendant; Laurence Vogel, Asst. U. S. Atty., of counsel.

LEVET, District Judge.

This is a tax refund action. Plaintiff alleges the erroneous and illegal collection of certain estate taxes. The facts have been largely stipulated, and are set out at length in a prior opinion in this case, 249 F.Supp. 450 (60 Civ. 1744, S.D.N.Y., January 5, 1966). The prior opinion, on motions by both parties for summary judgment, determined all of the issues in this action, with one exception. The prior opinion determined that the promise of decedent, William Deering Howe, to leave one-third of his net estate to his daughters, was a "claim" against the estate "founded upon a promise or agreement" within the meaning of Section 812(b), Internal Revenue Code of 1939 (now Sections 2053, 2043(b), Internal Revenue Code of 1954). The prior opinion further determined that the estate was entitled to a deduction from the gross estate to the extent that the promise of decedent, William Deering Howe, was contracted "for an adequate and full consideration in money or money's worth." Section 812(b), Internal Revenue Code of 1939. Various possible bases of such consideration were discussed, and all but one were rejected. The prior opinion held, however, that a genuine issue of material fact existed as to whether Paragraph 6 of a separation agreement which had been entered into by decedent and Polly Brooks Howe, then his wife, furnished any "consideration in money or money's worth" for decedent's promise to leave one-third of his net estate to his daughters, and, if so, the amount of such consideration.[1] The prior opinion in part held:

"*  *  *  The estate is entitled to a deduction from the gross estate

1. Paragraph 6 of the separation agreement provided:

"The Second Party [Polly Brooks Howe] will pay all the expenses of the

only to the extent that consideration in money or money's worth was furnished by Paragraph 6 of the agreement. * * *

* * * * * *

"Trial will be limited to the single issue of the amount of consideration in money or money's worth, if any, which was furnished for the promise of decedent William Deering Howe to leave one-third of his net estate to his daughters by the promise of Mrs. Howe in Paragraph 6 of the separation agreement.

"Proof at trial should include data bearing on the reasonable needs of the daughters during the continuance of their minority, the life expectancy of Richard F. Howe on August 14, 1941, the income of the trust in the years and months preceding August, 1941, and the expectations on August 14, 1941 of the future income from the trust."

(249 F.Supp. 450, 60 Civ. 1744, S.D.N.Y., January 5, 1966).

However, a stipulation dated January 24, 1966, entered into by the parties to this action, after reciting a portion of the language quoted above, in part provided:

"IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that plaintiff, Chemical Bank New York Trust Company, as Executor of the Estate of William Deering Howe, Deceased, offers no additional proof with regard to the above-described issue, and can offer none.

"IT IS FURTHER STIPULATED AND AGREED by and between the parties hereto that the above-described issue is hereby submitted to the court for its determination based solely upon the proof before the court on the motions for summary judgment which were deter-

mined by said opinion of January 5, 1966."

In light of the above, and after reviewing all of the evidence, pleadings and briefs in this case, the court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. All facts as stipulated which were set forth in the opinion of January 5, 1966 are hereby incorporated herein and found as facts.

2. The promise of Polly Brooks Howe contained in Paragraph 6 of the separation agreement, set out above, furnished no consideration in money or money's worth for the promise of decedent, William Deering Howe, to leave one-third of his net estate to his daughters.

3. Therefore, there was no adequate and full consideration in money or money's worth, in fact no consideration in money or money's worth whatsoever, for the promise of decedent, William Deering Howe, to leave one-third of his net estate to his daughters.

## DISCUSSION

It is well settled that a taxpayer seeking a deduction must be able to point to a statute which entitles him to such a deduction, and then show that he comes within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934); White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172 (1938). The burden of proof is upon the taxpayer to show facts which entitle him to a deduction. Bishop v. Commissioner of Internal Revenue, 342 F.2d 757 (6th Cir. 1965) and cases cited therein; Markham v. United States, 245 F.Supp. 505 (S.D. N.Y.1965). Here plaintiff has failed to sustain that burden.

In order for the estate to be entitled to any deduction for the daughters' claim

care, custody and maintenance of their said children during their minority which are not met from the income to them from the First Party [William

Deering Howe] or from said trust as amended or from other personal income of their children available for such care, custody and maintenance."

herein, plaintiff must show that consideration in money or money's worth was given for the promise of decedent, William Deering Howe, to make the bequest to his daughters. A deduction will be allowed only to the extent of the value of such consideration. Rosenthal v. Commissioner of Internal Revenue, 205 F.2d 505 (2nd Cir. 1953); Helvering v. United States Trust Co., 111 F.2d 576 (2nd Cir.) (L. Hand, J.), cert. denied 311 U.S. 678, 61 S.Ct. 45, 85 L.Ed. 437 (1940). The only possible source for such consideration in this case has been held to be Paragraph 6 of the separation agreement. However, plaintiff has failed to prove that the promise of Polly Brooks Howe in Paragraph 6 had any value in money or money's worth.

The evidence in this case regarding the daughters is in part as follows: that on August 14, 1941, the day the agreement was signed, one daughter was three weeks past her eighteenth birthday, and the other daughter was one month short of her fourteenth birthday; that substantial payments of $25,000 per year for each child were to be provided by decedent during the life of his father, Richard F. Howe; that thereafter a trust, which had been of substantial size when created, was to pay its income in certain proportions to Polly Brooks Howe and the daughters surviving; and that if at any time Polly Brooks Howe's income fell below a certain amount, income sufficient to supply that amount was to be deducted from the daughters' share of the income and paid to Polly Brooks Howe. Plaintiff has failed to prove anything with respect to the reasonable needs of the daughters, though $25,000 per year for each would seem sufficient therefor. Plaintiff has failed to prove the life expectancy of Richard F. Howe on August 14, 1941,

so that I am unable to find the date upon which the trust provisions agreed upon would be expected to become operative. Plaintiff has failed to prove anything with respect to the past or expected income from the trust on August 14, 1941, so that I am unable to assess the probability that Polly Brooks Howe would ever have to pay anything for the daughters' "care, custody and maintenance." On this state of the record, plaintiff has totally failed to sustain its burden of proving that Paragraph 6 of the separation agreement had *any* value in money or money's worth. I am constrained to hold that it had no value in money or money's worth.

## CONCLUSIONS OF LAW

1. Jurisdiction is conferred on the court by 28 U.S.C. § 1346(a)(1).

2. The legal conclusions reached in the prior opinion in this case, on motions for summary judgment, 249 F.Supp. 450, 60 Civ. 1744, S.D.N.Y., January 5, 1966, are hereby incorporated herein and made conclusions of law herein.

3. The promise of William Deering Howe to leave one-third of his net estate to his daughters was a "claim" against the estate "based on a promise or agreement" which was not contracted "for an adequate and full consideration in money or money's worth," nor for any "consideration 'in money or money's worth.'" Section 812(b), Internal Revenue Code of 1939 (now Sections 2053, 2043(b), Internal Revenue Code of 1954).

4. The estate is entitled to no deduction for the claim of the daughters herein.

5. Plaintiff's complaint should be dismissed, with costs.

Settle judgment on notice.