**Anthony V. DONISI and Janet L. Donisi, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 18231.

United States Court of Appeals
Sixth Circuit.

Dec. 12, 1968.

Charles B. Ginocchio, Cincinnati, Ohio, for petitioners.

Stephen H. Hutzelman, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

This matter is before us on the petition of the taxpayers [1] to review a decision of the Tax Court that upheld the Commissioner's assessment of a $6,-

1. Janet Donisi is a party to the proceeding herein solely because she filed a joint return with her husband. Anthony Donisi will hereinafter be referred to as the "petitioner."

799.96 income tax deficiency [2] for the taxable year ending December 31, 1960. The only issue presented to this Court is whether certain advances and expenditures received by the petitioner from Anthony V. Donisi, Inc. represented dividends or interest. This issue turns on whether the initial advances of the petitioner to the corporation were in the nature of equity or loans. Anthony V. Donisi, Inc. was incorporated in Ohio on April 27, 1959, and the petitioner owned all the outstanding shares of stock and was a director and the president of the corporation. From its inception, petitioner made advances to and expenditures for the corporation, evidenced by its open account entries, from monies raised through loans on his life insurance and mortgages on his property. For the tax year in question, petitioner received $12,740.83 from the corporation [3] and the Commissioner found this distribution to constitute a dividend received by the petitioner.

The petitioner claims that from the inception of the incorporation the advances and expenditures were intended to be treated as loans for his protection in case of insolvency of the corporation. Some evidence of this intended creditor relationship is found in the corporate resolution adopted on May 4, 1959, which set up an open account for petitioner on the corporation's books. The petitioner contends that these facts establish that the reduction in his credit balance with the corporation constituted a repayment on account of loans and not a dividend.

■ The Tax Court's determinations of fact, including factual inferences from the undisputed basic facts, may be set aside on appeal only if they are clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). As stated by this Court in Berthold v. Commissioner of Internal Revenue, 404 F.2d 119, 121 (6th Cir. 1968), "The Tax Court's finding that the * * * advances were income and were not loans is an ultimate conclusion of fact by the court which evaluated the evidence, heard and judged the credibility of the witnesses. The Tax Court was entitled to draw reasonable inferences from the basic facts." See also Boehm v. Commissioner of Internal Revenue, 326 U.S. 287, 293, 66 S.Ct. 120, 90 L.Ed. 78 (1945). In this type of case, previous decisions are of limited value since the solution for each case depends upon its own particular facts, determined in the light of all the circumstances. Gooding Amusement Company v. Commissioner of Internal Revenue, 236 F.2d 159, 165 (6th Cir. 1956), cert. denied, 352 U.S. 1031, 77 S. Ct. 595, 1 L.Ed.2d 599 (1957).

The Tax Court formulated a different conclusion from the facts than that presented by the petitioner, and it enumerated the following specific facts as leading to its determination that the advances of Donisi to the corporation were in the nature of equity rather than loans: (1) There was no written evidence of indebtedness and the advances owed to the petitioner were not secured. (2) There was no schedule of repayment as to time or amount, and the interest to be paid was not clearly set forth. (3) The petitioner's advances to and expenditures for the corporation were necessary to meet its daily obligations. (4) The informality of several arrangements between the parties. (5)

2. A penalty of $1,019.99 was also incurred under Section 6651(a) of the Internal Revenue Code of 1954. Petitioner concedes that if the deficiency was properly determined, the penalty was properly invoked.

3. Computed as follows:
Amount due from A. V. Donisi, Inc., January 3, 1960 ............. $137,592.57
Amount due from A. V. Donisi, Inc., January 7, 1961 ............. $124,851.74
$ 12,740.83

The repayments of the corporation were made when petitioner needed money rather than when it could afford to pay. No one of the foregoing circumstances was considered by the Tax Court as alone being decisive, but the total weight of them gave substantial support to its determination.

■ Although the intention of the petitioner is weighed heavily in determining whether the advances are loans, Chism's Estate v. Commissioner of Internal Revenue, 322 F.2d 956 (9th Cir. 1963), the intention of the petitioner "can appropriately be viewed with some diffidence unless supported by other facts which bring the transaction much closer to a normal arms-length loan." Berthold v. Commissioner, supra. The petitioner's contention is that in making these advances, his intention was to create a debt relationship and that the corporate resolution creating an open account for him fulfilled such intention without any need for added formality. This Court has recently stated that important proofs of such intent are the arrangements concerning the normal security, interest and repayment or efforts to secure the same. Berthold v. Commissioner, supra.

■ In reviewing the entire record, we find that the petitioner's evidence is lacking in regard to these three arrangements and that his proof has failed to overcome the presumption of the validity of the Commissioner's determination respecting his alleged income tax deficiency. Bishop v. Commissioner of Internal Revenue, 342 F.2d 757, 759 (6th Cir. 1965); Hallabrin v. Commissioner of Internal Revenue, 325 F.2d 298, 305 (6th Cir. 1963). We accordingly hold that the Tax Court was not clearly erroneous in concluding that the advances to and expenditures for the corporation by Donisi were in the nature of equity, with the result that the corporate repayments to Donisi in 1960 constituted dividends.

The judgment of the Tax Court is affirmed.