**TALBOTT CONSTRUCTION COMPANY,**
**Plaintiff,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**No. 1952.**

United States District Court
E. D. Kentucky,
Lexington Division.

Dec. 24, 1969.

Greenbaum, Barnett, Doll & Matthews, by L. L. Leatherman, Louisville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Lexington, Ky., Stephen J. Csontos, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

SWINFORD, Chief Judge.

This is a tax refund case. It is before the court on defendant's "Motion for Reconsideration of Order Directing Production, Inspection and Copying of Documents".

This suit arises from action by the Commissioner of Internal Revenue disallowing interest expense on indebtedness owed by the plaintiff corporation to its shareholders. This indebtedness is represented by debenture bonds. Plaintiff claims that the disallowance is erroneous and that the interest deduction should be allowed in determining taxable income.

After suit to recover a tax refund was commenced, plaintiff filed a "Motion for Production of Documents". The motion requested that defendant be ordered to produce and to permit plaintiff to inspect and to copy each of the following documents:

(1) The Transmittal Letter prepared by the Internal Revenue Agent who examined the plaintiff's Federal Income Tax Returns for the years 1963, 1964 and 1965;

(2) Action Memorandum and Supporting Statement of the Appellate Division of the Internal Revenue Service relating to plaintiff's Federal Income Tax Returns for the years 1963, 1964 and 1965; and

(3) The report prepared by the Internal Revenue Service in connection with the disallowance of the plaintiff's claims for refunds for the years 1963, 1964 and 1965.

In support of his motion for production of these documents, plaintiff states that the documents "contain evidence relevant and material to the matters involved in this action, as is more fully shown on Exhibit A hereto attached." The relevant portion of plaintiff's Exhibit A states: "The documents set forth in plaintiff's motion consist of reports purporting to set forth the facts and criteria upon which the defendant relies in support of its contention that plaintiff's debenture bonds constitute equity capital and not bona fide debts. Plaintiff must have access to such documents in order to properly prepare its case."

By order, this court overruled plaintiff's motion as to numerical request No.

1, and sustained the motion as to numerical request No. 2 and numerical request No. 3. Defendant's motion which now has the case before the court followed. Both parties ably and expertly briefed their contentions for the court.

The defendant alleges in support of his Motion for Reconsideration that the production of the documents is controlled by Federal Rules of Civil Procedure 34. Under this rule, defendant contends, plaintiff has failed to show: 1) good cause; 2) that the documents are not privileged; and, 3) that the documents constitute or contain relevant evidence or would lead to the discovery of admissible evidence. Plaintiff responds that all it "wants from the documents sought in this case are the facts and criteria upon which the Defendant relies to support its determination that the bonds are equity." Plaintiff contends that it has met the requirements of Federal Rules of Civil Procedure 34 and that it should be allowed access to the documents.

As previously noted, this is a tax refund case. The controversy is over whether funds advanced to a corporation by its shareholders may be treated as indebtedness for purposes of interest deductions, or whether such funds are more properly considered contribution to capital and the deductions based thereon disallowed. With this ultimate issue in mind, the defendant's contention that plaintiff has not met the requirements of Federal Rules of Civil Procedure 34 may now be considered.

First, defendant contends that plaintiff has not shown good cause why the documents should be produced. This court agrees. Good cause as used in Federal Rules of Civil Procedure 34 implies a greater showing of need than relevance and materiality. Black v. Sheraton Corporation of America, 47 F.R.D. 263, 274 (D.C.1969). In a tax refund case the taxpayer must prove the correct amount which should have been paid. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). Debt-equity tax refund cases, such as the one at bar, are actions which have occurred frequently in the past. See, e. g., Donisi v. C. I. R., 405 F.2d 481 (6 Cir.1968); Berthold v. C. I. R., 404 F.2d 119 (6 Cir.1968). These cases have developed and established applicable theories for the debt-equity controversies. The report prepared by the defendant's examining agent has been furnished the plaintiff. This is the factual report relied upon by the defendant and was properly furnished the plaintiff. American Mail Line, Ltd. v. Gulick, 411 F.2d 696 (D.C.Cir.1969). This report substantially fulfills the request of item number three in plaintiff's original motion for production of documents.

Plaintiff is, therefore, sufficiently advised of the facts upon which the defendant relies in asserting that the sum involved was equity rather than debt. The theories upon which the defendant bases its determination are neither unusual nor startling. E. g., Timken Roller Bearing Co. v. United States, 38 F.R.D. 57 (N.D.Ohio 1964); United States v. Gates, 35 F.R.D. 524 (D.Col. 1964); United States v. San Antonio Portland Cement Company, 33 F.R.D. 513 (W.D.Tex.1963). On the other hand, the plaintiff must maintain its theory in order to recover. This theory must be based upon facts within the possession of the plaintiff. Plaintiff has not, therefore, shown good cause for the production of these documents. Conway Import Co. v. United States, 40 F.R.D. 5 (E.D.N.Y.1966); Unitrust Corportation v. United States, 37 F.R.D. 478 (E.D.Mich.1965).

Second, defendant contends that the plaintiff has failed to show that the documents requested are not privileged. There are three basic levels of protection for correspondence and documents in the possession of an adverse party: (1) Material accumulated in the attorney-client relationship. This material enjoys a total immunity from produc-

tion. (2) Material which is the work product of the attorney. This material is privileged and will not be ordered produced absent good cause and necessity or unusual circumstances. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451 (1947). The courts have shown a reluctance to expand this doctrine. See, e. g., Conway Import Co. v. United States, supra, 40 F.R.D. at 8. (3) Material which is in the possession of an adverse party. Production of these documents requires a good cause showing plus further compliance with Federal Rules of Civil Procedure 34.

█ When the adverse party is a government agency the Freedom of Information Act, 5 U.S.C. § 552, is applicable. Relevant sections of the Act provide:

"(a) Each agency shall make available to the public information as follows:

\* \* \* \* \* \*

(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;"

The Act became effective June 5, 1967. As a result, interpretative cases and discussion are scarce. See, American Mail Line, Ltd. v. Gulick, supra; Consumers Union of United States, Inc. v. Veterans Admin., 301 F.Supp. 796 (S.D.N.Y. 1969); Epstein v. Resor, 296 F.Supp. 214 (N.D. Cal. 1969); Davis, The Information Act: A Preliminary Analysis, 34 U.Chic.L.Rev. 761 (1967).

█ It is clear that if the documents sought by the plaintiff are policy and theory oriented, they are privileged under 5 U.S.C. 552(b) (5). If they contain mere factual data they are subject to production. Consumers Union of United States, Inc. v. Veterans Admin., supra, 301 F.Supp. at 805. Since the facts upon which defendant based its decision of not allowing the interest deduction are exclusively in plaintiff's control, any difference in opinion would be the result of theory or policy differences. Plaintiff has, therefore, failed to show that the documents are not privileged under 5 U.S.C. 552(b) (5). If the documents are factual, plaintiff has failed to show good cause for their production.

█ Third, defendant contends plaintiff has failed to show that the documents constitute or contain relevant evidence or would lead to the discovery of admissible evidence. Plaintiff has shown that the documents may contain relevant evidence and lead to discovery of admissible evidence. In light of the Internal Revenue Service examining agent's report being furnished plaintiff, plaintiff has not made a sufficient showing as to why he needs the additional information. There is a difference in showing "relevance and materiality" and "good cause". Black v. Sheraton Corporation of America, supra.

The essence of this controversy is that a governmental agency should not have to "operate in a fishbowl" and neither should a citizen, when attacking an agency decision, have to "operate in a darkroom". See American Mail Line, Ltd. v. Gulick, supra. In this case plaintiff has been provided with a lengthy report prepared by the examining agent of the Internal Revenue Service. The plaintiff has failed to show good cause why the other documents should be produced.

Plaintiff still has available other avenues of discovery. In the event plaintiff should be taken by surprise during the course of trial so that it needs time to meet any matter presented by defendant, the Court will give consideration to the advisability of granting a continuance if a request for such is made. Unitrust Corporation v. United States, supra, 37 F.R.D. at 480.

An order in accordance with this memorandum is this day entered.