**Robert D. PATTERSON, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 84–7023**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 4, 1984.

Robert D. Patterson, pro se.

Joel Gerber, Acting Chief Counsel, Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Gary R. Allen, Michael J. Roach, Tax Div., Dept. of Justice, Washington, D.C., for respondent.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Robert D. Patterson, a self-employed taxpayer, appeals from a decision of the U.S. Tax Court affirming the Tax Commissioner's determination that Patterson was not exempt from self-employment taxes because of his religious beliefs and that he was subject to a penalty for intentional disregard of Internal Revenue Service rules and regulations. We affirm.

Patterson, a self-employed electronics technician, filed federal income tax returns for 1978 and 1979 but did not report any self-employment tax liability (social security) on those returns. For both years he entered a statement, "Exempt—Form 4029," on his Form 1040. The Commissioner determined that a deficiency was due and assessed a five percent penalty for negligence or intentional disregard of the rules and regulations. Patterson peti-

tioned the tax court for a redetermination of the deficiency alleging that either he is qualified for an exemption under 26 U.S.C. § 1402(g) (1982) or the statute is unconstitutional.

In a trial before the tax court, Patterson testified that he is conscientiously opposed to any form of social security insurance because of his religious beliefs, and that he is a member of a "spiritual brotherhood" that has no formal structure or organization. Patterson testified that he filed a Form 4029 in 1977, requesting an exemption from the self-employment tax. He testified that he threw the original Form 4029 away after it was returned to him by the IRS. He reconstructed, however, a copy of the discarded form from his recollection. This form indicated that tax exempt status was denied in 1977. Finally, Patterson produced two witnesses at trial who indicated that they too were conscientious objectors to the social security system and that they would assist in financially supporting Patterson if he were sick or in poverty.

The tax court upheld the Commissioner's determination that a deficiency was due and his assessment of the penalty. Patterson filed a motion for reconsideration, contending that he had filed a second Form 4029 in 1978 and that it was under consideration by the Social Security Administration as late as 1980. He claimed that this form was returned to him "at some unspecified time, supposedly not shown in the IRS 'official records.'" The tax court denied Patterson's motion and Patterson took this appeal.

■ A tax is imposed on "self-employment income" in order to fund social security benefits for self-employed individuals. 26 U.S.C. §§ 1401, 1402(b) (1982). An exemption from this tax is provided for members of certain recognized religious groups who, according to the teachings or established tenets of their faith, are conscientiously opposed to the acceptance of public or private insurance benefits similar to those under the social security program. 26 U.S.C. § 1402(g) (1982); *see United*

*States v. Lee,* 455 U.S. 252, 255 n. 4, 102 S.Ct. 1051, 1054 n. 4, 71 L.Ed.2d 127, 131 n. 4 (1982). The religious group must have an established practice of making reasonable provision for its members and the individual must have waived his right to all social security benefits. *Id.*

■ Patterson's primary argument is that the tax court erred in concluding that "petitioner does not claim exemption under § 1402(e) or (g)." He asserts that he was claiming exemption under 26 U.S.C. § 1402(g) (1982) and that he had presented sufficient facts at trial to support such exemption. Assuming that Patterson filed a timely application for an exemption as required by section 1402(g), a finding not made by the tax court, he still failed to establish that he qualified for an exemption to the tax. The statute obviously contemplates that the exemption be narrowly applied because of the express requirement that the religious sect have been in existence at all times since December 31, 1950, and that the Secretary of Health, Education, and Welfare have made a finding that it has been a practice for such a religious group to make provision for its members. At trial, Patterson testified that he belonged to a "spiritual brotherhood" that had no formal structure or organization. He further testified that he believes that members of the Christian faith have an obligation to provide and care for each other. Patterson also presented two witnesses at trial who stated that they opposed insurance programs on religious grounds and that they had helped others with medical problems. This evidence was clearly insufficient to bring Patterson within the exception of 26 U.S.C. § 1402(g) (1982), because he is not a member of an organized religious sect with a protracted history of provision for its members.

■ Patterson submits that, if he is not entitled to an exemption, then the statute is unconstitutional because it violates the establishment clause of the first amendment. The Fifth Circuit has held, however, that a taxpayer does not have standing to assert the unconstitutionality of the exemption

provided by 26 U.S.C. § 1402(g) (1982). *Ward v. Commissioner of Internal Revenue*, 608 F.2d 599, 601 (5th Cir.1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1851, 64 L.Ed.2d 272 (1980).[1] The tax court, therefore, properly rejected Patterson's constitutional challenges.

 The tax court also properly upheld the penalty assessed against Patterson. The Internal Revenue Code of 1954 provides for a penalty or additional tax of five percent of the underpayment when the underpayment results from negligence or intentional disregard of rules and regulations. 26 U.S.C. § 6653(a) (1982). The taxpayer has the burden of showing that he did not negligently or intentionally disregard the rules. *Marcello v. Commissioner of Internal Revenue*, 380 F.2d 499, 506–07 (5th Cir.1967), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968). The tax court's finding that an additional tax is due will not be overturned unless clearly erroneous. *Id.*

 The tax court found that Patterson's misrepresentation of tax exempt status in 1978 and 1979 constituted intentional disregard for the applicable rules and regulations. Patterson had indicated on his 1978 and 1979 tax returns that he was exempt from the self-employment tax because of a Form 4029 that he had filed. This form is used to apply for the 26 U.S.C. § 1402(g) (1982) exemption. At trial, Patterson introduced a reconstructed Form 4029 that indicated that his application had been rejected by the IRS in 1977. IRS files indicated that there was no Form 4029 on file for Patterson for any year from 1974 through 1982. Because Patterson did not obtain a valid exemption within the time limits allowed by 26 U.S.C. § 1402(f)(2) (1982), the tax court did not err in upholding the additional tax imposed by the IRS.

In his motion for reconsideration, Patterson argued that he had filed a second Form 4029 and that neither the IRS nor the Social Security Administration had taken any action until July, 1980. There was no reference to this form in the trial testimony or in the stipulation of facts the parties presented to the tax court. Since Patterson had previously received notice of disapproval of a prior application, his reliance on a second application was unjustified. Therefore, the tax court did not abuse its discretion in denying his motion for reconsideration.

AFFIRMED.

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.