T.C. Memo. 1998-283

UNITED STATES TAX COURT

NELSON J. AND VICTORIA A. SECRETARIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10693-97.                    Filed August 5, 1998.

Nelson J. and Victoria A. Secretario, pro sese.

<u>Jonathan J. Ono</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency of $6,014 in petitioners' 1994 Federal income tax.  Respondent further determined an accuracy-related penalty pursuant to section 6662(a)[1] in the amount of $1,203.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and
(continued...)

After concessions, the issues remaining for decision are: (1) Whether petitioners are liable for self-employment tax on the net self-employment income earned by Mr. Secretario during 1994; and (2) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference.  At the time the petition was filed, petitioners resided at Kapaa, Hawaii.

During 1994, Mr. Secretario was self-employed as an insurance salesman doing business as "Planning Concepts".  For the taxable year 1994, petitioners timely filed their joint Federal income tax return with respondent's Fresno, California, Service Center.  On Schedule C, Profit or Loss From Business, Mr. Secretario reported income and expenses from his insurance sales as a sole proprietorship.

In the notice of deficiency dated February 26, 1997, respondent determined that petitioners underreported gross receipts on Schedule C of their 1994 joint return in the amount of $3,743.  Subsequent to the issuance of the notice of

---

[1](...continued)
Procedure.

deficiency, petitioners filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1994 that was received by respondent on April 23, 1997.  On their amended return, petitioners increased reported gross receipts by $3,749 and also increased claimed total Schedule C expenses by $8,320, resulting in a reported net profit from Mr. Secretario's business of $33,357.  Respondent now agrees that this is the correct amount.

Notwithstanding their receipt of net income of $33,357 from Mr. Secretario's activities as a self-employed insurance salesman, petitioners failed to file a computation for self-employment tax and failed to report and pay any self-employment tax on their original or amended joint returns for 1994.

## OPINION

Petitioners argue that they need not pay self-employment taxes; i.e., Social Security taxes, and therefore did not report or pay such taxes for their 1994 tax year.  Petitioners do not dispute that Mr. Secretario's income constitutes self-employment income within the meaning of sections 1401 and 1402.[2]  However,

_____

[2]Sec. 1401 imposes a tax on "self-employment income" of every individual.  Sec. 1402(b) defines "self-employment income" as "net earnings from self-employment".  Sec. 1402(a) generally defines "net earnings from self-employment" as gross income derived by an individual from any trade or business carried on by such individual, less deductions allowed.  The net income derived from Mr. Secretario's insurance sales business, as reported on petitioners' original and amended joint income tax returns for
(continued...)

petitioners appear to argue that the imposition of Social Security taxes upon them is unconstitutional because there is no assurance that Social Security taxes paid by petitioners in the past will be available, as "promised" by the Government, to be paid out as future retirement benefits.

The constitutionality of the Social Security system and its limited exceptions have been upheld repeatedly and are not subject to further dispute. Palmer v. Commissioner, 52 T.C. 310, 312-313 (1969); see United States v. Lee, 455 U.S. 252 (1982); Patterson v. Commissioner, 740 F.2d 927 (11th Cir. 1984), affg. T.C. Memo. 1983-655; Jaggard v. Commissioner, 582 F.2d 1189 (8th Cir. 1978), affg. T.C. Memo. 1978-78; Hughes v. Commissioner, 81 T.C. 683 (1983). This conclusion also extends to the self-employment taxes imposed by section 1401, here in issue. Cain v. United States, 211 F.2d 375 (5th Cir. 1954).

There is no legal authority supporting petitioners' position. A claim that taxpayers need not pay self-employment tax because the Social Security fund may be insolvent and, therefore, may be unable to pay benefits was specifically rejected in our decisions in Diffley v. Commissioner, T.C. Memo. 1984-372, and Fiorito v. Commissioner, T.C. Memo. 1981-576, affd. without published opinion 720 F.2d 682 (7th Cir. 1983).

---

[2](...continued)
1994, constitutes net self-employment income.

Petitioners' general assertions concerning the fiscal soundness of the Social Security system are more properly addressed to Congress than this Court.  Fiorito v. Commissioner, supra.  We hold that there is no basis for relieving petitioners of their liability under existing statutes.

Respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662.  Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to a taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  Negligence has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).

The accuracy-related penalty will apply unless petitioners can demonstrate that there was reasonable cause for the underpayment and that they acted in good faith with respect to the underpayment.  Sec. 6664(c).  Petitioners have previously litigated and lost their claims regarding their self-employment tax obligations for an earlier year.[3]  On the basis of the entire

---

[3]In a prior summary opinion concerning petitioners' tax liability for that year, we relied on Steiner v. Commissioner, 55 T.C. 1018 (1971), affd. per curiam without published opinion 29 AFTR 2d 72-848, 72-1 USTC par. 9327 (D.C. Cir. 1972), and rejected petitioners' claim that they need not pay self-employment tax after they have paid for 40 consecutive quarters.

record, we conclude that petitioners have not established that their underpayment was due to reasonable cause or that they acted in good faith.  Accordingly, we hold that petitioners are liable for a section 6662(a) accuracy-related penalty for the tax year 1994 as determined by respondent.

<u>Decision will be entered</u>

<u>under Rule 155</u>.