**William Allen SIMPSON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 00–1787.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

PER CURIAM.

Petitioner William Allen Simpson appeals *pro se* the tax court's determination of a deficiency in income tax and penalties due for the taxable year 1994. For the following reasons, we affirm.

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

## BACKGROUND

Simpson, a self-employed computer engineer, failed to file a 1994 federal income tax return. The Commissioner issued a notice of deficiency to Simpson proposing a tax deficiency of $43,858, computed without regard to any itemized deductions, and penalties under I.R.C. §§ 6651(a) and 6654(a)[1] of $6,840 and $2,227, respectively. Simpson filed a petition with the tax court for a redetermination of the deficiency, claiming that he was entitled to deductions and other adjustments.

At trial, the parties filed a stipulation resolving a number of the items at issue and identified the remaining disputed issues as: (1) a net operating loss deduction, (2) a deduction for flying lesson expenses, and (3) deductions for payments to third parties. Simpson presented only his own testimony in support of the claimed deductions. At the conclusion of the trial testimony, the tax court ordered the parties to file briefs. The Commissioner filed a brief; Simpson did not.

Holding that Simpson's uncorroborated testimony was insufficient to meet his burden of proof to substantiate the disputed items, the tax court sustained the Commissioner's determinations. The tax court then ordered the parties to file their computations under Tax Ct. R. 155 on or before December 2, 1999. On November 30, 1999, the tax court entered its decision determining a 1994 income tax deficiency of $28, 207, a penalty under I.R.C. § 6651(a)(1) of $2,927, and a penalty under I.R.C. § 6654(a) of $509.

Simpson filed a motion for reconsideration of the tax court's opinion and decision, arguing, *inter alia*, that the tax court entered its decision of November 30, 1999,

1. All citations to the Internal Revenue Code (I.R.C.), Title 26 of the United States Code, refer to the version in effect in 1994.

before the December 2 due date for the submission of computations. Simpson filed the affidavits of Ruth Simpson and Elizabeth Helmbold in support of his motion.

The tax court entered an order directing Simpson to file his computation on or before January 21, 2000. Simpson failed to file a computation. Thereafter, the tax court denied Simpson's motion for reconsideration without comment.

### STANDARD OF REVIEW

The Commissioner's determination of a tax deficiency is presumptively correct, and the taxpayer has the burden of proving that the determination is erroneous or arbitrary. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Kearns v. Commissioner*, 979 F.2d 1176, 1178 (6th Cir.1992). This court reviews the tax court's findings of fact for clear error. *Estate of Quirk v. Commissioner*, 928 F.2d 751, 759 (6th Cir.1991). The tax court's application of the law is reviewed *de novo. Kearns*, 979 F.2d at 1178.

### DISCUSSION

**A. Whether the tax court erred in disallowing the claimed deductions.**

"[D]eductions are a matter of legislative grace and should therefore be narrowly construed; only as there is a clear provision therefore can any particular deduction be allowed." *Nichols v. United States*, 260 F.3d 637, 653 (6th Cir.2001) (internal quotation marks omitted). A taxpayer seeking a deduction must point to an applicable statute and demonstrate that he or she comes within the statute's terms. *Bishop v. Commissioner*, 342 F.2d 757, 759 (6th Cir.1965). The taxpayer bears the burden of proving a deduction and the amount of it. *Id.* The tax court "may disregard uncontradicted testimony by a taxpayer where it finds that testimony lacking in credibility, or finds the testimony to be

improbable, unreasonable or questionable." *Conti v. Commissioner*, 39 F.3d 658, 664 (6th Cir.1994) (internal citations and quotation marks omitted).

**1. Net operating loss deduction**

■ Simpson contends that he is entitled to a net operating loss deduction for net operating losses carried forward up to fifteen prior years and carried back up to three subsequent years pursuant to I.R.C. § 172. If a taxpayer's deductions exceed gross income for the year, the excess of deductions over income may constitute a net operating loss for the year. I.R.C. § 172. Generally, a net operating loss is carried back to each of the three years preceding the year of the loss and then carried forward to each of the fifteen years following the loss. I.R.C. § 172(b)(1). A net operating loss must be carried to the earliest of the taxable years to which it may be carried until either the loss is fully absorbed or it expires. I.R.C. §§ 172(b)(1), 172(b)(2).

At trial, Simpson orally moved "that the years 1987 through 1993 be carried forward, and the years 1995 through 1997 be carried back." Simpson asserted that net operating losses otherwise would be carried back first, resulting in a complicated and prohibitively expensive procedure. Simpson requested sixty days to compile his records and asserted that the Commissioner had stipulated to carry forward net operating losses in a previous case. Simpson, however, did not present any evidence at trial that he had net operating losses for those tax years or that any net operating losses were not absorbed by income in intervening tax years, and he did not submit a brief on the issue. The tax court's opinion did not specifically address this issue but stated that "[b]ecause the record is devoid of evidence disproving any of respondent's determinations, we sustain

those determinations in full." In his motion for reconsideration, Simpson again referred to his oral motion and asserted that this issue must be resolved before a proper computation may be made. The tax court denied Simpson's motion for reconsideration without comment.

Although the tax court did not specifically address Simpson's oral motion, it did not err in upholding the Commissioner's disallowance of the net operating loss deduction. Simpson failed to present *any* evidence regarding net operating losses from other tax years despite opportunities to present such evidence at trial and by brief. Therefore, Simpson failed to satisfy his burden of demonstrating his entitlement to a net operating loss deduction.

### 2. Deductions for payments to third parties

■ Simpson asserts that he is entitled to business expense deductions for payments to third parties pursuant to I.R.C. § 162. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To qualify as an allowable deduction under § 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." *Commissioner v. Lincoln Sav. & Loan Ass'n,* 403 U.S. 345, 352, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971). Section 162(a)(1) allows a business expense deduction for "a reasonable allowance for salaries or other compensation for personal services actually rendered."

At trial, Simpson testified that he paid $3,600 to Elizabeth Helmbold, a librarian, for her organizational services in connection with a tax audit and to reimburse her for office supplies purchased on his behalf. Simpson testified that Helmbold never submitted a bill but gave him her credit card statement on various occasions. Simpson did not introduce these credit card statements or any other records into evidence to corroborate his claim.

Simpson also testified that he paid $10,000 to Ruth Simpson, his sister, to reimburse her for paying his telephone bills and other computer expenses. In support of his claim, Simpson offered into evidence a list of telephone records and "who paid them by category." Simpson presented no other exhibits or testimony to substantiate the deduction.

The only testimony offered by Simpson at trial in support of his claim for business expense deductions for payments made to third parties was his own. The tax court specifically advised Simpson that his failure to present the testimony of Helmbold and Ruth Simpson gave rise to the inference that their testimony would not be helpful to him, yet Simpson offered no reason why these witnesses were not present to testify, other than he did not ask them. *See Shaw v. Commissioner,* 27 T.C. 561, 573, 1956 WL 605 (1957), *aff'd,* 252 F.2d 681 (6th Cir.1958) ("The failure of petitioner to introduce evidence solely within his possession, which, if true, would be favorable to him, gives rise to a presumption that if produced it would be unfavorable and becomes, itself, 'evidence of the most convincing character.'"). In light of Simpson's failure to call Helmbold and Ruth Simpson as witnesses and his failure to provide any documentary evidence to corroborate his own testimony, the tax court did not clearly err in finding that his testimony was "unpersuasive and incomplete."

After the tax court issued its opinion, Simpson submitted the affidavits of Helmbold and Ruth Simpson in support of his motion for reconsideration pursuant to Tax Ct. R. 161. Decisions interpreting Fed. R.Civ.P. 59 and 60 apply to motions for

reconsideration under Rule 161. *Estate of Kraus v. Commissioner*, 875 F.2d 597, 602 (7th Cir.1989). Under Rule 60, a motion for reconsideration based on newly discovered evidence should be granted when: (1) the evidence was discovered following trial; (2) due diligence on the movant's part to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result. *Id.*

Simpson fails to meet the requirements of "newly discovered" evidence. With due diligence, Simpson could have obtained the affidavits of Helmbold and Ruth Simpson prior to trial. Further, the affidavits are not such that a different outcome would result. The affidavits present, without any supporting documentation, the same vague story offered by Simpson at trial. Accordingly, the tax court did not abuse its discretion in denying Simpson's motion for reconsideration as to business expense deductions for payments to third parties.

### 3. Deduction for Keogh payments and credits for estimated tax payments

█ While Simpson claims that the Commissioner's calculations do not "correctly reflect allowable Keogh deductions" in the amount of $9,757.17, the computation submitted by the Commissioner and incorporated in the tax court's decision expressly includes a $9,757.17 Keogh deduction. Similarly, Simpson asserts that the tax court's deficiency determination fails to reflect estimated tax payments of $1,500 and $15,000 for the third and fourth quarters, respectively, of 1994. An income tax deficiency is determined without regard to estimated tax payments. I.R.C. § 6211(a), (b)(1). Accordingly, the deficiency determined by the tax court properly does not reflect Simpson's estimated tax payments. Simpson did receive credit for those payments as the Commissioner's computation reflects $16,500 in estimated tax payments.

### B. Whether the tax court correctly upheld the penalties against Simpson.

█ Simpson asserts that he is exempt from the penalties under I.R.C. § 6651 for failure to file a return and under I.R.C. § 6654 for underpayment of estimated tax. The tax court's finding that an addition to tax is due will not be overturned unless clearly erroneous. *Patterson v. Commissioner*, 740 F.2d 927, 930 (11th Cir.1984). The taxpayer bears the burden of showing that additions to tax were invalid. *Ledbetter v. Commissioner*, 837 F.2d 708, 711 (5th Cir.1988).

Simpson raised the penalties issue for the first time in his motion for reconsideration. He waived this issue by not presenting any evidence at trial and therefore failed to preserve the issue for appeal. *See Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir.1996) (holding that issue was not preserved for appeal when issue was not litigated at trial and was first raised in motion to alter or amend judgment).

### C. Whether the tax court's proceedings denied Simpson due process of law.

Simpson argues that the tax court's proceedings denied him due process of law, alleging errors concerning the conduct of the IRS prior to or during trial, the conduct of the tax court judge, and post-trial issues. Simpson failed to raise the majority of these issues before the tax court and therefore waived those issues. *Id.* The remaining alleged errors are without merit.

AFFIRMED.