**Raymond JACKSON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 01–1977.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

### ORDER

Raymond Jackson, proceeding pro se, appeals a tax court judgment determining that he is liable for a federal income tax deficiency in the amount of $2,740 for the taxable year 1997, for an accuracy related penalty under 26 U.S.C. § 6662 in the amount of $548, and for a $500 penalty pursuant to 26 U.S.C. § 6673(a) for maintaining a frivolous or groundless position. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This case involves deductions that Jackson claimed on Schedule C of his 1997 tax return as business expenses. Jackson represented the business as a sole proprietorship called Jackson Associates, but did not describe the principal business of the enterprise. Jackson reported no gross receipts or sales from the business, but reported business deductions totaling $18,242, and a corresponding loss in that amount.

The Commissioner disallowed Jackson's deductions and determined that Jackson was liable for a deficiency of $2,740 in tax and $548 because the underpayment of tax was attributable to negligence or a substantial understatement of income tax. On March 3, 2000, the Commissioner sent Jackson a notice of deficiency. The notice of deficiency provided that the deductions had been disallowed because Jackson had not established that he paid or incurred the expenses during 1997, and had not established that the expenses were ordinary and necessary to his business. Jackson challenged the Commissioner's determination. In light of Jackson's challenge, the tax court set the case for trial on March 12, 2001. Twenty-eight days before trial, Jackson moved the tax court to continue the trial. The tax court denied the motion, and the case was tried as scheduled on March 12, 2001. At the conclusion of the trial, the tax court upheld the Commissioner's deficiency and penalty determinations and imposed a penalty of $500

against Jackson pursuant to 26 U.S.C. § 6673(a) for maintaining a frivolous or groundless position. Jackson appeals that judgment.

On appeal, Jackson argues that: 1) the tax court abused its discretion in denying his motion for a continuance; 2) the tax court improperly denied his motion to dismiss the notice of deficiency; 3) the tax court improperly determined that he failed to provide evidence sufficient to substantiate his business expense deductions and that the resulting underpayment was due to negligence; and 4) the tax court abused its discretion in imposing a $500 penalty against him for making frivolous or groundless claims.

This court reviews the tax court's legal conclusions de novo and its factual findings under the "clearly erroneous" standard. *MTS Int'l, Inc. v. Comm'r*, 169 F.3d 1018, 1021 (6th Cir.1999). These standards of review are evaluated against the backdrop of each party's burden of proof in the tax court. The Commissioner's determination that a tax deficiency exists is generally presumed to be correct. *Kearns v. Comm'r*, 979 F.2d 1176, 1178 (6th Cir. 1992). Consequently, a taxpayer bears the burden of proving that the Commissioner's finding of a deficiency is erroneous or arbitrary by a preponderance of the evidence. *Id.*

■ The tax court did not abuse its discretion in denying Jackson's motion for a continuance. This court reviews the denial of a motion for a continuance for an abuse of discretion. *See United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended by*, 764 F.2d 675 (9th Cir.1985). Jackson claims that he was unable to retain counsel and that the tax court abused its discretion in denying his motion for a continuance. The record reveals that Jackson had approximately eight months in which to secure representation. During a teleconference the tax court conducted

with respect to Jackson's motion, Jackson offered no explanation for his failure to hire counsel. Moreover, even if counsel had been retained or substituted at the last moment, employment of new counsel ordinarily will not be grounds for continuance. *United States v. Studley*, 783 F.2d 934, 938–39 (9th Cir.1986). In addition, the tax court observed that the case primarily involved the substantiation of business deductions and did not require elaborate trial preparation. In light of Jackson not offering any reason for his inability to retain counsel, the tax court did not abuse its discretion in denying the motion for continuance.

■ The tax court did not err in denying Jackson's motion to dismiss the notice of deficiency. At trial, Jackson moved the tax court to dismiss the notice of deficiency. In support of his motion, Jackson merely claimed that the deficiency was false and fraudulent. The Commissioner's determination that a tax deficiency exists is generally presumed to be correct. *Kearns*, 979 F.2d at 1178. Jackson offered no evidence of fraud or bad faith on the part of the revenue service or its agents. Thus, Jackson provided no justification for looking behind the notice of deficiency. *See Pasternak v. Comm'r*, 990 F.2d 893, 898 (6th Cir.1993).

■ The tax court did not clearly err in determining that Jackson failed to produce sufficient evidence to substantiate his business expense deductions and that the resulting underpayment was due to negligence. Deductions are a matter of legislative grace and are narrowly construed; a particular deduction will be allowed only when there is a clear provision authorizing it. *Nichols v. United States*, 260 F.3d 637, 653 (6th Cir.2001). A taxpayer seeking a deduction must point to an applicable statute and demonstrate that he or she comes within the statute's terms. *Bishop*

*v. Comm'r*, 342 F.2d 757, 759 (6th Cir. 1965). The taxpayer bears the burden of proving a deduction and the amount of it. *Id.* The tax court may disregard uncontradicted testimony by a taxpayer where it finds that testimony lacking in credibility, or finds the testimony to be improbable, unreasonable or questionable. *Conti v. Comm'r*, 39 F.3d 658, 664 (6th Cir.1994).

■ In support of his claimed deductions, Jackson attached to his return photocopies of the fronts of hundreds of checks. He did not include explanatory notations or testimony indicating a business purpose for the checks. In fact, Jackson conceded that he had no other records to substantiate the expenses, and that he could not remember for what items or services any of the checks were used to pay. Title 26 U.S.C. § 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To qualify as an allowable deduction under § 162(a), an item must (1) be paid or incurred during the taxable year, (2) be for carrying on any trade or business, (3) be an expense, (4) be a necessary expense, and (5) be an ordinary expense. *Comm'r v. Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 352, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971). However, the taxpayer is required to substantiate the deduction. *See e.g.*, 26 U.S.C. § 274(d); 26 C.F.R. § 1.274(d)(2) (substantiation by adequate records requires a taxpayer "to maintain an account book, diary, log, statement of expense, trip sheets, or similar record" that is made "at or near the time of the expenditure or use"). Jackson clearly failed to satisfy the substantiation requirements. Thus, Jackson did not bear his burden of proving the deductions and the amount of them. Moreover, inasmuch as Jackson did not comply with the record keeping requirements for claiming such deductions, the tax court did not err in finding that Jackson's underpayment of tax was due to negligence. An assessment of a negligence penalty is presumptively correct. *Leuhsler v. Comm'r*, 963 F.2d 907, 910 (6th Cir.1992). Negligence is defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do. *Id.* Nothing in the record or pleadings shows that Jackson exercised due care in claiming the deductions without any documentation. Therefore, the finding that he should be assessed a penalty for negligence is not clearly erroneous.

■ Finally, the tax court did not abuse its discretion in imposing a $500 penalty against Jackson. At the conclusion of the trial, the tax court upheld the Commissioner's deficiency and penalty determinations and imposed a penalty of $500 against Jackson pursuant to 26 U.S.C. § 6673(a) for maintaining a frivolous or groundless position. In light of Jackson's admitted lack of evidence to support his claimed deductions, and the groundless nature of his claim that the IRS and one of its agents committed fraud, the $500 penalty does not constitute an abuse of the tax court's discretion.

Accordingly, we hereby affirm the tax court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.