RAY C. BLACKBURN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blackburn v. Commissioner
Docket No. 8022-74.
United States Tax Court
T.C. Memo 1979-266; 1979 Tax Ct. Memo LEXIS 259; 38 T.C.M. (CCH) 1048; T.C.M. (RIA) 79266; July 17, 1979, Filed Ray C. Blackburn, pro se. Larry L. Nameroff, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioner's income tax and additions to tax: Sec. 6651(a)(1) [1]
Sec. 6651(a)(2)
Sec. 6653(a)
Year
Deficiency
Addition to Tax
Addition to Tax
Addition to Tax
1967
$2,149.96
$252.62 $0
$ 107.50
1968
1,550.04
324.12
0
148.88
1969
1,940.69
345.13
0
199.18
1970
3,137.74
198.73
176.65
156.89
*261 Due to concessions by respondent, the issues remaining are: 1. The amount of employee business expenses which petitioner is entitled to deduct in the years 1969 through 1970. 2. The amount of itemized deductions which petitioner is entitled to deduct in the years 1967 through 1970. 3. The amount of wages received by petitioner from Security Sewage Equipment Company in 1970. 4. Whether petitioner is entitled to a business bad debt deduction for 1970 in any amount. 5. Whether petitioner is liable for delinquency and negligence penalties in each of the years 1967 through 1970. 6. Whether petitioner is liable for the penalty for failure to pay tax for 1970. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing his petition, Ray C. Blackburn was a resident of Cleveland, Ohio. Petitioner filed individual tax returns for taxable years 1968 and 1969 on the basis of "married--filing separately." These returns were filed on October 12, 1973. On May 2, 1968, respondent granted petitioner an extension *262 of time until June 17, 1968, to file his individual tax return for 1967. Petitioner never filed returns for either 1967 or 1970. Petitioner was separated from his wife, Marjorie Blackburn ("Marjorie") during the years in issue. Marjorie filed individual income tax returns for each of the years 1967 through 1970 on the basis of "married--filing separately." She claimed herself as an exemption and itemized her personal deductions. At all times material to this case, petitioner was general manager of the Security Sewage Equipment Company ("SSEC"), a corporation involved in the business of manufacturing, installing, transporting, and servicing sewage treatment plants. During the years in issue, the majority shareholder of SSEC was either Marjorie and/or a trust for the benefit of petitioner's son, Ray A. Blackburn. Petitioner was trustee of his son's trust. During the years 1967, 1968, and 1969 petitioner and Marjorie jointly owned a residence at 24607 Emery Road, Warrensville Heights, Ohio. In 1970 the property was transferred to petitioner's son as part of the property settlement between petitioner and Marjorie. Amounts paid for mortgage interest and real estate taxes *263 on this residence during the years in issue were as follows: Year
Interest Paid
Taxes Paid
1967
$681.50
$457.14
1968
652.22
410.86
1969
621.33
414.68
1970
588.93
466.10
For taxable year 1967 petitioner had wages from SSEC of $10,600. In his petition and at trial, petitioner claimed the following items as employee business expenses for 1967: Item
Amount
Gift for secretary and bookkeeper $ 10.00
Party for stockholders
70.00
Telephone expense
113.00
Membership in Sanitarians Association
12.00
Automobile expense (6000 miles at 10")
600.00
Motels out of town
125.00
Parking costs
45.00
Food out of town
120.00
Food for customers, attorneys, and
employees
85.00
Tools
60.00
Car wash
62.50
Film and developing
35.00
Home office (20% of rental value $3,000
and utilities $480)
696.00
Sofa for office
180.44
TOTAL
$2,213.94
It is respondent's position that none of the above items are substantiated as to purpose or amount expended. The following table reflects itemized deductions claimed by petitioner for 1967, the amount allowed by respondent and the resulting adjustment proposed by respondent: Item
Amount Claimed
Allowed
Proposed Adjustment
Contributions $ 45.00 $0 $ 45.00
Real estate taxes
560.08
0
560.08
Gasoline taxes
56.00
0
56.00
Sales taxes
106.00
74.00
32.00
Sales and local
income tax
51.00
51.00
0
Home mortgage
interest
694.44
0
694.44
Misc. interest
40.00
0
40.00
TOTAL
$1,552.52
$125.00
$1,427.52
*264 During 1968 petitioner received wages from SSEC of $12,600. On his income tax return for that year, petitioner claimed the following employee business expenses: Item
Amount
Gift for secretary and bookkeeper $ 10.00
Party for stockholders and wives
60.00
Telephone
110.00
Membership in Sanitarians Association
12.00
Automobile expense
600.00
Motel
125.00
Parking expense
35.00
Food out of town
120.00
Food for customers, attorneys and
employees
85.00
Tools
80.00
Home office
696.00
Flowers
28.00
TOTAL
$1,961.00
In his statutory notice, respondent disallowed all of the above claimed amounts based on the determination that petitioner did not establish that the claimed expenses represented ordinary and necessary business expenses or were expended for a business purpose. The following table reflects itemized deductions claimed by petitioner for 1968, the amount allowed by respondent, and the resulting adjustment proposed by respondent: Item
Amount Claimed
Allowed
Proposed Adjustment
Contributions $ 40.00
$ 40.00 $0
Real estate taxes
539.00
0
539.00
Gasoline taxes
64.00
64.00
0
Sales taxes
261.00
261.00
0
State and local
income tax
108.00
108.00
0
Home mortgage
interest
663.48
0
663.48
Misc. interest
15.00
15.00
0
Casualty loss--
burglary
304.80
0
304.80
Casualty loss--
flood
1,252.00
0
1,252.00
TOTAL
$3,247.28
$488.00
$2,759.28
*265 For taxable year 1969 petitioner received wages of $15,600 from SSEC. On his income tax return for that year, petitioner claimed the following employee business expenses: Item
Amount
Gift for secretary and bookkeeper $ 10.00
Party for stockholders and wives
84.00
Telephone
142.00
Membership in Sanitarians Association
12.00
Automobile expense
900.00
Motel
290.00
Parking expense
175.00
Food out of town
400.00
Food for customers, attorneys and
employees
225.00
Tools
95.00
Car wash
65.00
Film and developing
35.00
Home office
696.00
Legal paper
10.90
TOTAL
$3,139.90 [2]
In his statutory notice, respondent disallowed all of the above claimed amounts on the ground that petitioner did not establish the claimed expenses represented ordinary and necessary business expenses or were expended for a business purpose. The following table reflects itemized deductions claimed by petitioner for 1969, the amount allowed by respondent, and the resulting adjustment proposed by respondent: *266 Item
Amount Claimed
Allowed
Proposed Adjustment
Contributions $ 30.00 $ 30.00 $0
Real estate taxes
97.00
0
97.00
Gasoline taxes
98.00
98.00
0
Sales taxes
291.00
291.00
0
State and local
income tax
156.00
156.00
0
Misc. interest
30.00
30.00
0
Attorney fees--"property
settlement"
330.00
0
330.00
Casualty loss--
flood
1,682.00
412.00
1,270.00
TOTAL
$2,714.00
$1,017.00
$1,697.00
Petitioner had wages from SSEC of $12,328 for 1970. In his petition and at trial petitioner claimed the following employee business expenses for 1970: Item
Amount
Gift for secretary and bookkeeper $ 10.00
Telephone calls
270.00
Membership in Sanitarians Association
12.00
Use of car
1,000.00
Motels
310.00
Parking costs
160.00
Food away from home
1,400.00
Food for customers, attorneys, and
employees
225.00
Tools and car repairs
290.00
Car wash
76.00
Film and developing
65.00
Home office (50% of rental value,
$3,000 and utilities, $600)
1,800.00
Rent
1,050.00
Gasoline and oil
1,000.00
TOTAL
$7,668.00 [3]
*267 It is respondent's position that none of the above items are substantiated as to purpose or amount expended. The following table reflects itemized deductions claimed by petitioner for 1970, the amount allowed by respondent and the resulting adjustment proposed by respondent: Item
Amount Claimed
Allowed
Proposed Adjustment
Medical expense $ 281.00 $0 $ 281.00
Contributions
100.40
0
100.40
Gasoline taxes
2,529.00
0
2,529.00
Sales taxes
120.00
126.56
6.56 credit
State and local
income tax
135.00
135.00
0
Misc. interest
56.50
0
56.50
Income tax expense
27.00
0
27.00
TOTAL
$3,248.90
$261.56
$2,987.34
Additionally, in 1970 petitioner claimed a business bad debt of $30,054.79 for loans made to SSEC which petitioner considered to be uncollectible in 1970. Although SSEC was suffering financial problems in 1970, it continued to conduct some business in 1970 and 1971. Petitioner, as general manager of SSEC, is still actively pursuing claims of the corporation. Respondent proposes to disallow the entire bad debt deduction. OPINION 1. Employee Business Deductions.
Petitioner claimed employee business expenses of $2,213.94 *268 in 1967, $1,961 in 1968, $3,074 in 1969 and $7,618 in 1970. At trial petitioner testified that these expenses were business related but he presented no evidence to support his testimony. Petitioner's vague recollection of amounts and business purpose is not sufficient to carry his burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Furthermore, as to travel away from home, entertainment, and gifts, petitioner failed to meet the substantiation requirements of section 274. See section 1.274-5, Income Tax Regs. Accordingly, we hold that petitioner is not entitled to the claimed deductions for employee business expense. 2. Charitable Contributions.
Respondent determined that petitioner is not entitled to deductions for charitable contributions of $45 claimed for 1967 and $100.40 claimed for 1970. Petitioner presented no evidence as to the claimed deductions. Accordingly, petitioner has failed to carry his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and respondent's determinations are sustained. 3. Gasoline Taxes.
Responent determined *269 that petitioner is not entitled to gasoline tax deductions of $56 claimed in 1967 and $2,529 claimed in 1970 under section 164. Petitioner presented no evidence as to the number of miles driven during 1967 or 1970 or the amount paid for gasoline tax during those years. Accordingly, we sustain respondent's determination. 4. Sales Tax.
Respondent determined petitioner's sales tax deductions, under section 163, for 1967 and 1970 using the optional state sales tax tables. [4] Petitioner presented no evidence showing a separately stated amount of sales tax paid greater than that determined by respondent. Accordingly, we agree with respondent's determination. 5. Real Estate Taxes and Mortgage Interest.
Petitioner contends he is entitled to real estate tax deductions in 1967, 1968 and 1969 and mortgage interest deductions in 1967 and 1968 with respect to a residence jointly owned wth his wife, Marjorie Blackburn. From 1967 to 1969, the following amounts of interest and real estate *270 taxes were paid with respect to this property: Year
Interest Paid
Taxes Paid
1967
$ 681.50
$ 457.14
1968
652.22
410.86
1969
621.33
414.68
Generally, section 164 allows a deduction for real estate taxes only to the extent they were imposed on the taxpayer, and section 163 allows a deduction for interest paid on a mortgage where the taxpayer is the legal or equitable owner of the real estate. Secs. 1.164-1(a) and 1.163-1(b), Income Tax Regs. However, where there is a joint and several obligation, the deduction for real estate taxes and interest is allowable to whichever of the parties liable thereon makes the payment out of his own funds. Nicodemus v. Commissioner,26 B.T.A. 125 (1932). See Finney v. Commissioner,35 T.C.M. 1504, 45 P.H Memo. T.C. par. 76,329 (1976); Rev. Rul. 71-268, 1971-1 C.B. 58. Here, petitioner did not present any evidence to show that he and Marjorie were not jointly and severally liable for real estate taxes and mortgage interest with respect to their jointly owned residence. Nor did petitioner *271 present any evidence that he paid any portion of the real estate taxes and interest from his own funds during the years in issue. Accordingly, we hold that petitioner has failed to meet his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and is not entitled to any deduction for real estate taxes or mortgage interest. 6. Casualty Losses.
Petitioner claimed the following casualty losses: $304.80 in 1968 for a theft loss; $1,252 in 1968 for a flood loss; and $1,682 in 1969 for a flood loss. In his statutory notice respondent allowed only $412 of the amount claimed for flood loss in 1969. Generally, section 165(c)(3) allows a deduction for losses of personal property if such losses arise from fire, stoem, shipwreck or other casualty. The proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and the fair market value immediately after, not exceeding the adjusted basis of the property, reduced by the amount of insurance compensation and by the $100stattutory floor. Section 165(c)(3); *272 section 1.165-7(b)(1), Income Tax Regs.; Helvering v. Owens,305 U.S. 468, 471 (1939). Here, however, petitioner presented no evidence that in fact either a theft or a flood occurred which caused loss of personal property. Also, petitioner presented no evidence as to the fair market value of the items allegedly lost immediately before and immediately after the casualties. Accordingly, petitioner has failed to carry his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and his claimed deductions in excess of the amount previously allowed by respondent are denied. 7. Miscellaneous Itemized Deductions.
Petitioner claimed deductions of $40 in 1967 and $56.50 in 1970 for miscellaneous interest. Petitioner presented no evidence as to these expenditures. We therefore hold that petitioner is not entitled to the claimed deductions for miscellaneous interest. Petitioner claimed a deduction of $330 for attorney's fees in 1969. Petitioner contends the expense related to a property settlement with his wife, Marjorie Blackburn, from whom he is now legally separated. Petitioner, however, has failed to establish *273 that he in fact paid $330 in attorney's fees or that the amount allegedly paid was an ordinary and necessary expense paid for the production of income under section 212. Petitioner has failed to carry his burden of proof and we, therefore, deny his claimed deduction. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner also claimed "income tax expense" of $27 in 1970. Petitioner presented no proof of the amount paid or the purpose for the expenditure. Again, we must deny the claimed deduction. Finally, petitioner claimed medical expense of $281 in 1970. Petitioner presented no evidence as to this expenciture. Accordingly, petitioner's claimed deduction is denied. 9. Amount f Wages Received in 1970.
Respondent determined that petitioner had wages of $12,328 from SEC in 1970.Petitioner contends that his from SSEC for that year were onlt $12,000. Petitioner apparently contends that the discrepancy results from a payroll check that was never written to him. Petitioner presented no evidence in support of his testimony, nor do we find his testimony on this matter convincing. Accordingly, we sustain respondent's determination. 10. Business Bad Debt *274 Deduction.
Petitioner claimed a usiness bad debt in 1970 of $30,054.79 for loans made to SEC which petitioner considered to be uncollectible as of that year. Respondent contends that petitioner did not establish the fact that any bona fide loans existed and therefore is not entitled to a bad debt deduction under section 166. We agree with respondent.
Section 166(a) allows as a deduction "any debt which becomes worthless within the taxable year." It is requisite that the debt be bona fide. Sec. 1.166-1(c), Income Tax Regs. That Regulation defines a bona fide debt as "a debt which arises from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money." The evidence in this case merely consists of statements by petitioner that he wrote checks on behalf of or to the corporation which he considered loans. Petitioner presented no evidence to substantiate the amounts in issue, no promissory notes signed on behla of SSEC, no authorizing minutes of the corporation, and no evidence as to interest, security *275 or terms for repayment. In light of these facts, we conclude that petitioner has failed to prove that a bona fide debt existed and, therefore, petitioner is not entitled to a bad debt deduction in 1970. [5]
11. Delinquency, Failure to Pay and Negligence Penalties.
The last issue we must consider is whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file his returns and, under section 6653(a), for negligence in each of the years 1967 through 1970. We also must determine whether petitioner is liable under section 6651(a)(2) for failure to timely pay the tax due for 1970.
Section 6651(a)(1) provides that an addition to tax will be imposed unless petitioner shows that the late filing or failure to file was due to reasonable cause. Petitioer filed delinquent tax returns for taxable years 1968 and 1969. Petitioner, *276 on whom the burden of proof rests ( Fischer v. Commissioner,50 T.C. 164, 177 (1968)), presented no evidence on this issue. Although respondent has no record of petitioner filing returns for 1967 or 1970, petitioner alleges that both returns were filed on October 17, 1973. Petitioner presented copies of completed returns for those years, but did not present any evidence that such forms were actually filed. We do not find his mere assertions of filing worthy of belief.Accordingly, we hold that petitioner has failed to carry that burden and is liable for additions to tax under section 6651(a) for each of the years 1967 through 1970. Since we have determined that petitioner did not file a return for 1970, respondent concedes that the failure to pay penalty for that year is not applicable. See Rev. Rul. 76-562, 1976-2 C.B. 430. The final issue is whether any part of petitioner's underpayment of tax in the years 1967 through 1970 was due to negligence or intentional disregard of rules and regulations. Section 6653(a) provides for an addition to the tax of 5 *277 percent of the underpayment where "any part" of such underpayment is due to negligence. We previously have held that in appropriate cases the negligence penalty may be assessed in addition to the late filing penalty. Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 609 (1961), affd. 302 F. 2d 42 (10th Cir. 1962). Had it been established here that respondent relied solely on the circumstances of unaggravated late filing without reasonable cause to apply the negligence penalty, an issue would have been raised of whether ocngressional imposition of the specific late filing penalty for this delict precluded the further cumulative assertion of the negligence penalty for the same failure. Here, however, petitioner has not shown that his late filing was the only act of negligence or intentional disregard of rules and regulations, and we need not reach that issue. Since petitioner offered no evidence on the issue of negligence and the burden of proof was on him, Bixby v. Commissioner,58 T.C. 757, 791 (1972), we hold that petitioner is liable for additions to tax under section 6653(a). Decision will be entered under Rule 155. *278 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. The parties incorrectly used $3,074.90 as the total employee business expenses claimed for 1969. This discrepancy can be resolved in the Rule 155 computation.↩
3. The parties incorrectly used $7,618.00 as the total employee business expenses claimed for 1970. This discrepancy can be resolved in the Rule 155 computation.↩
4. Respondent's calculation for 1970 is based on his determination that petitioner received wages of $12,328 in 1970. We hold, infra,↩ that respondent's determination was correct.
5. Because we find that petitioner has failed to prove that a bona fide debt existed, we need not determine whether the "debt" became worthless in 1970 or whether it was in the nature of a business or non-business debt.↩