GREGG B. HUGHES, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 11510–81.    Filed October 4, 1983.

*Michael T. Alexander*, for the petitioner.
*Fera Wagner*, for the respondent.

OPINION

RAUM, *Judge*: The Commissioner determined a deficiency in
the amount of $1,159.52 against petitioner for 1978 in respect
of his self-employment earnings subject to tax under the social
security legislation. Petitioner is a lawyer who resided in
Downey, Calif., when the petition herein was filed. A stipula-
tion of facts (as limited by petitioner), the undenied portions of
the Commissioner's two Requests for Admissions, and an oral
stipulation entered into by the parties at the trial are
incorporated herein as findings of fact.

Petitioner is not a tax protester. He does not challenge any part of the income tax laws as applied to him. His sole position is based on a claim to exemption from the social security tax by reason of his conscientious objection to receiving any social security benefits. In this connection, he submitted with his income tax return for 1978 an "Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits" (Form 4029). In that application, petitioner, among other things, waived all rights to social security benefits, and in the following paragraph of that application he filled in by hand the word "NONE" and the symbol "N/A" and struck out the words "private or":

I certify that I am and continuously have been a member of ___NONE___

(Name of religious group)

(District and location)

since ___N/A___ and am an adherent of the established tenets or

(Day)   (Month)   (Year)

teachings of such group by reason of which I am conscientiously opposed to acceptance of the benefits of any ~~private or~~ public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act).

He also inserted the symbol "N/A" in the following paragraph of Form 4029:

The religious group of which I am a member, and the name, title, and address of an authorized spokesman of that group are as follows:

Religious group ___N/A___

(Denomination)                              (Local district)

(Authorized spokesman)        (Title)        (Address)

At the trial, the parties entered into the following oral stipulation:

That the petitioner is a moral and conscientious objector to participation in the Social Security system or the collection of any self-employment tax or other wage tax for the support of that system. Further, that the basis of that moral and conscientious objection is not a theistic one or one arising out of a belief in a supreme being or a higher moral authority, but that, however, his deeply felt, personally held moral beliefs transcend philosophy, religion, theology, or politics and occupy in his own mind a position parallel to that set of beliefs held by persons with a belief in God or supreme being, who would otherwise qualify for the exemption under the Code.

The applicable statutory provision is contained in section 1402(g) of the Internal Revenue Code of 1954, which provides:

SEC. 1402. DEFINITIONS.

(g) MEMBERS OF CERTAIN RELIGIOUS FAITHS.—

(1) EXEMPTION.—Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by—

(A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and

(B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person,

and only if the Secretary of Health, Education, and Welfare finds that—

(C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence,

(D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and

(E) such sect or division thereof has been in existence at all times since December 31, 1950.

An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver.

It is clear that petitioner does not come within the foregoing provisions. The statute requires as a prerequisite to exemption that a taxpayer be "a member of a recognized religious sect or division thereof" and "an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act)." Petitioner has admitted

that he is not "a member of a recognized religious sect or division thereof"; therefore, the fact that he has the conscientious objections outlined above in respect of benefits provided by the social security legislation—and we are satisfied that he does have such conscientious objections—is irrelevant. The statutory language is unambiguous in its exclusion from the class of taxpayers entitled to exemption from this tax of anyone who holds his objections independent from the "established tenets or teachings" of a recognized religious sect or division of which he is a member.

Petitioner complains that he is as much conscientiously opposed to receiving the benefits in question as any member of any qualifying religious sect. However, that circumstance is of no consequence here. Congress could have written the statute to cover petitioner's situation but it did not do so.[1] We have examined petitioner's contentions that the statute as thus applied is invalid, but for the following reasons we find them to be lacking in merit.

Congress has a wide range of discretion in classifying those persons subject to the social security tax and those exempt or not covered. *Helvering v. Davis*, 301 U.S. 619, 646 (1937); *Steward Machine Co. v. Davis*, 301 U.S. 548, 583–585 (1937). A rational basis for the classification here is the greater administrative ease and the reduced opportunity for deception by requiring membership in a recognized religious sect having established tenets. Thus, the request in Form 4029 that the applicant for exemption identify not merely the religious group, denomination, and local district but also the name, title, and address of an authorized spokesperson of the religious group was obviously related to facilitating verification of the applicant's claim. Furthermore, perhaps even greater justification for the distinction drawn by Congress appears in section 1402(g)(1)(D). Those provisions condition the exemption upon a finding by the Secretary of Health, Education, and Welfare (as that Department was then known) to the effect that it has been the practice for a substantial period of

---

[1]Moreover, petitioner fails to qualify for exemption on an entirely different ground, namely, that he struck out the words "private or" in his Form 4029, and he has not shown that he is "conscientiously opposed to acceptance of the benefits of *any private or* public insurance" of the type covered by the statute. The relevant words in Form 4029 are identical with the language of the statute.

time for members of the sect "to make provision for their dependent members which in his judgment is reasonable in view of their general level of living." Thus, membership in a religious sect satisfying particular criteria is reasonably geared to the legislative objectives involving the entire social security system. If Congress was justified in denying the exemption to one who does in fact belong to a religious sect which, however, does not meet the required condition (*Randolph v. Commissioner*, 74 T.C. 284, 291 (1980); *Henson v. Commissioner*, 66 T.C. 835 (1976)), then it was a fortiori justified in denying the exemption to one who is not even a member of any religious sect.

Congress was entitled to distinguish between a member of a recognized religious sect who is an adherent of established tenets or teachings upon which the conscientious objections are based and someone whose personal beliefs alone are the basis for the conscientious objections in question. We find no constitutional infirmity in such legislative classification, notwithstanding the deeply held convictions of the latter, and notwithstanding that Congress could have treated both alike. Cf. *Randolph v. Commissioner*, 74 T.C. at 289–290; *Henson v. Commissioner*, 66 T.C. at 838–840; *Palmer v. Commissioner*, 52 T.C. 310, 313–314 (1969).

Finally, petitioner finds support for his position in the different classification scheme established in respect of conscientious objectors to combatant training and service in the U.S. armed forces, who need only demonstrate opposition based on "religious training and belief"[2] rather than membership in, and adherence to the established tenets or teachings of, a recognized religious sect. However, this alternative classification system results from legislative choice rather than constitutional mandate. Reviewing the history of the conscription laws in this context in *United States v. Seeger*, 380 U.S. 163, 171–172 (1965), the Supreme Court explained:

The Draft Act of 1917, 40 Stat. 76, 78, afforded exemptions to conscientious objectors who were affiliated with a "well-recognized religious sect or organization [then] organized and existing and whose existing creed or principles [forbade] its members to participate in war in any form * * * "

---

[2] 50 U.S.C. app. sec. 456(j) (1976).

In adopting the 1940 Selective Training and Service Act Congress broadened the exemption afforded in the 1917 Act by making it unnecessary to belong to a pacifist religious sect if the claimant's own opposition to war was based on "religious training and belief." 54 Stat. 889. * * * The Congress recognized that one might be religious without belonging to an organized church just as surely as minority members of a faith not opposed to war might through religious reading reach a conviction against participation in war. * * * Thus, while shifting the test from membership in such a church to one's individual belief the Congress nevertheless continued its historic practice of excusing from armed service those who believed that they owed an obligation, superior to that due the state, of not participating in war in any form.

Thus, the Draft Act of 1917 required in language quite similar to section 1402 that a conscientious objector belong to a religious sect with principles opposed to participation in war, but the law was changed in 1940 only because Congress saw fit to do so. Moreover, wholly apart from whatever basis existed in support of a congressional determination either to exempt or not to exempt persons from military service, there exist here, as pointed out above, special justifications for drawing the line between members of certain religious sects and others in the context of the objectives sought to be attained by the social security legislation. Here, Congress has chosen to make membership in a specified type of religious sect—particularly, one having a long-standing practice to make provision for its members—a prerequisite to exemption from self-employment taxes, and it is not within our province to substitute our judgment for that of Congress. As stated by Mr. Justice Cardozo in *Helvering v. Davis*, 301 U.S. at 644, "Our concern here, as often, is with power, not with wisdom." Since we are satisfied that Congress indeed has the power to make the challenged distinction (see *Palmer v. Commissioner*, 52 T.C. at 314–315), we can offer petitioner no relief.

*Decision will be entered for the respondent.*