CLARENCE PAUL MEISTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meister v. Commissioner
Docket No. 10686-82.
United States Tax Court
T.C. Memo 1984-73; 1984 Tax Ct. Memo LEXIS 606; 47 T.C.M. (CCH) 1099; T.C.M. (RIA) 84073; February 13, 1984. Clarence Paul Meister, pro se. Oksana O. Xenos, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency of $689.83 in petitioner's income tax for 1980. Because of concessions by the parties with regard to unreported interest income, the only issues for our determination are whether petitioner is subject to the tax on self-employment income provided by section 1401, Internal Revenue Code of 1954, and whether petitioner is entitled to a trial by jury in this Court. FINDINGS OF FACT Petitioner timely filed an individual income tax return for 1980. On that return he listed his occupation as tool designer. He reported wages from his employment with Sentry Design, Incorporated, and a net profit of $8,252.95 from his engineering and design *607 business. He did not report any self-employment tax. On March 9, 1982, respondent mailed a notice of deficiency to petitioner in which respondent determined the $8,252.95 was subject to the self-employment tax. On May 19, 1982, petitioner filed a petitioner with this Court in which he alleged: [T]he proposed "Self-Employment" tax is a direct violation of my constitutional rights as granted in Article I, sect. 8, Article I, sect. 9, Article IV, sect. 2 and amendments to the United States Constitution as follows: #1, #4, #5, #9, #10, #13, #14. I demand trial by jury under my rights as granted by the seventh amendment to the U.S. Constitution. Petitioner resided in Pontiac, Michigan, when his petition was filed. OPINION It is well settled that the self-employment tax is constitutional. Cain v. United States,211 F.2d 375 (5th Cir. 1954); Hughes v. Commissioner,81 T.C. 683 (1983). [1] The petitioner is not entitled to a trial by jury in the Tax Court. Blackburn v. Commissioner,681 F.2d 461 (6th Cir. 1982), affg. T.C. Memo. 1979-266; Rowlee v. Commissioner,80 T.C. 1111, 1115 (1983), on *608 appeal (2d Cir. Sept. 13, 1983). Accordingly, respondent's determination that petitioner's $8,252.95 net profit from his business is subject to the self-employment tax is sustained. In order to reflect the concessions regarding interest income, Decision will be entered under Rule 155.
Footnotes
1. See Laurins v. Commissioner,T.C. Memo. 1983-207↩.