EZRA ELI BORNTRAGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borntrager v. Comm'r
Docket No. 23132-88
United States Tax Court
T.C. Memo 1990-32; 1990 Tax Ct. Memo LEXIS 32; 58 T.C.M. (CCH) 1242; T.C.M. (RIA) 90032; January 17, 1990
Ezra Eli Borntrager, pro se. Bridgette M. Gibson, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and *33 Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the year 1986 in the amount of $ 560. The sole issue is whether petitioner is entitled to an exemption from the self-employment tax as a member of a certain religious faith pursuant to section 1402(g). Some of the facts were stipulated and are so found. Petitioner resided in Eureka, California at the time the petition herein was filed. Ezra Eli Borntrager was born in Iowa in 1948. His parents are members of the Old Order Amish religion and petitioner was baptized into the church when he was 18 years old. He volunteered for military service as a conscientious objector, then went to college and law school in Missouri. At some point during this period, petitioner ceased to adhere to certain traditional observances of the Amish. For such acts, petitioner was excommunicated. Following his excommunication, petitioner has been forbidden by his mother to return home. During the year in issue, *34 petitioner lived in Missouri and worked as both a law clerk and an attorney. On his 1986 return, he reported $ 4,556.76 net profit from self-employment. Petitioner paid no self-employment tax on that amount, but filed a Form 4029, Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits, on which he disclosed that he had been excommunicated. Petitioner's application was disapproved. In the notice of deficiency, respondent determined that petitioner was liable for the self-employment tax on his reported net profit. Petitioner contends that he should be exempt from the self-employment tax, pursuant to section 1402(g), [2] because of his religious beliefs. Citing passages in the Bible as authority for his contentions, petitioner claims that he cannot accept a social security number since identification by number is a proscribed stigma according to his interpretation of the Book of Revelations. He further argues that it is contrary to the tenets of the Bible and hence sinful not to provide for oneself and one's family and that since he adheres to these tenets he cannot accept social security benefits. Congress has recognized *35 the self-sufficiency of the Amish community by authorizing exception of such groups as the Amish from the obligation to pay social security tax. See Wisconsin v. Yoder, 406 U.S. 205, 216 (1972). Section 1402(g)(1) provides in pertinent part as follows: (g) MEMBERS OF CERTAIN RELIGIOUS FAITHS. (1) EXEMPTION. -- Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by -- (A) such evidence of such individual's membership in, and adherence to *36 the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health and Human Services finds that -- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. [Emphasis supplied.] The question we must answer is whether petitioner is a "member," within the meaning of section 1402(g), of the Amish sect. Petitioner has never denied *37 that he was excommunicated. By his own admission, he does not adhere to the strict and unchanging laws of the Amish. He nonetheless claims that he is a member of the Old Order Amish because he believes the same scriptural tenets which impose an obligation to provide for one's self and one's family. We do not take it upon ourselves to doubt the sincerity of petitioner's religious convictions. His beliefs, in any event, are irrelevant to our determination. The fact remains that petitioner is excommunicated from his church. "We must take the fact of excommunication as conclusive proof that the persons exscinded are not members." Bouldin v. Alexander, 82 U.S. 131, 140 (1872). That century-old holding is in harmony with the underlying policy of the exemption for self-employment tax since an individual who is no longer recognized by his religious group is not in the position to benefit by the group's communal welfare. While the Amish community makes provisions for its dependent members, the record here clearly establishes that petitioner is not recognized by the Amish and thus will not be provided for by that community in his times of need. Here, Congress has chosen *38 to make membership in a specified type of religious sect -- particularly, one having a long-standing practice to make provision for its members -- a prerequisite to exemption from self-employment taxes, and it is not within our province to substitute our judgment for that of Congress. * * * [Hughes v. Commissioner, 81 T.C. 683, 688 (1983.] We find no constitutional infirmity in such legislative classification. Hughes v. Commissioner, supra at 687. We must therefore conclude that petitioner does not meet the requirements of section 1402(g)(1). Accordingly, respondent's determination must be sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Formerly section 1402(h).↩