T.C. Memo. 2000-125


UNITED STATES TAX COURT


ALVA H. BEACHY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21899-97.                    Filed April 10, 2000.


Alva H. Beachy, pro se.

<u>William W. Kiessling</u>, for respondent.


MEMORANDUM OPINION


COUVILLION, <u>Special Trial Judge</u>: Respondent determined a deficiency of $909 in petitioner's Federal income tax for 1994.

The sole issue for decision is whether petitioner's earnings from two trade or business activities and one farming activity

are subject to self-employment tax under section 1401,[1] or whether such earnings are exempt under section 1402(g) by reason of petitioner's conscientious objection to acceptance of benefits under the Social Security system for death, disability, old age, retirement, and other related benefits.

This case was submitted by the parties fully stipulated under Rule 122. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Monterey, Tennessee.

During 1994, petitioner was engaged in three activities, the earnings from which constituted net earnings from self-employment as defined in section 1402(a). The net earnings from two of petitioner's activities were reported on his income tax return on separate Schedules C, Profit or Loss From Business, and the other activity was a farming activity, which he reported on a Schedule F, Profit or Loss From Farming. For 1994, petitioner realized net earnings of $7,242 from the three activities. Petitioner did not file the tax return Schedule SE, nor did he pay any self-employment tax on these earnings.

Petitioner was not a minister; he was not a member of any

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

religious order, sect, or division thereof, nor was he a Christian Science practitioner. From approximately 1958 to 1973, petitioner had been a member of the Amish church. In either 1972 or 1973, petitioner and several other members of the Amish church were excommunicated because of differences over certain Biblical teachings and doctrines. Petitioner has never been readmitted into the Amish church.

In the notice of deficiency, respondent determined that petitioner's net earnings from his three self-employment activities during 1994 were subject to self-employment tax.

Petitioner's sole basis for his position is stated in his trial memorandum as follows:

> it is my sincere honest faith, and belief, that insurance and security programs do work contrary to the teachings of Jesus Christ. Jesus taught that we are not to take thought for our life as to what we should eat or wear, but that we rather sell what we have and give alms. * * * I do understand Social Security to be designed and programed much the same as insurance, and will provide for me in the future, when perhaps I do have a need.

On that basis, petitioner objects to the payment of taxes on self-employment.

Section 1401(a) imposes a tax on the self-employment income of every individual for old age, survivors, and disability insurance. Section 1401(b) imposes a tax on the self-employment income of every individual for hospital insurance. In general,

self-employment income consists of the net earnings derived by an individual (other than a nonresident alien) from a trade or business carried on by such individual. See sec. 1402(a) and (b); sec. 1.1401-1(c), Income Tax Regs.

Section 1402(e), in pertinent part, provides an exemption from the self-employment tax, for certain ministers, on self-employment income derived from the performance of services as a minister. Section 1402(e)(1) provides this exemption to ministers who file for the exemption pursuant to section 1402(e)(3). Since petitioner was not a minister, this provision is not applicable to petitioner.

Section 1402(g) provides generally for an exemption from the payment of self-employment tax by taxpayers who are conscientiously opposed, on religious grounds, to accepting the benefits of any private or public insurance. In order to qualify for the exemption, the taxpayer seeking such exemption must be a member of a recognized religious sect or division thereof and must adhere to the sect's or division's established tenets or teachings that promote opposition to acceptance of the benefits of private or public insurance. Additionally, taxpayers seeking the exemption must file, with the Internal Revenue Service, a Form 4029, Application for Exemption From Social Security and Medicare Taxes and Waiver of Benefits. See sec. 1.1402(h)-1(b), Income Tax Regs. The mere filing of a return showing no self-

employment income or self-employment tax shall not be considered as an application for exemption.  See sec. 1.1402(h)-1(b), Income Tax Regs.

Petitioner is conscientiously opposed to the payment of self-employment taxes because of the benefits provided by such taxes in later years for disability, retirement, and the like. Petitioner's beliefs are not those of a member of any religion or sect because petitioner, during 1994, was not a member of a religion or sect.  The exemption provided by section 1402(g) is narrowly drawn and applies only to individuals who are members of a recognized religious sect (or division thereof) and who adhere to "established tenets or teachings of such sect or division by reason of which [they are] conscientiously opposed to acceptance of the benefits of any private or public insurance", and who file an application for the exemption in the manner required by the applicable regulations.  Despite the sincerity of petitioner's personal convictions, they do not serve as a substitute for the requirements of the statute.  See Hughes v. Commissioner, 81 T.C. 683 (1983); Randolph v. Commissioner, 74 T.C. 284 (1980); Henson v. Commissioner, 66 T.C. 835 (1976); Palmer v. Commissioner, 52 T.C. 310 (1969); Grieve v. Commissioner, T.C. Memo. 1986-453. Accordingly, the Court holds that petitioner is liable for self-employment tax, under section 1401(a) and (b), on the $7,242 net income from his self-employment activities during 1994.

Respondent's determination is, therefore, sustained.

<u>Decision will be entered</u>

<u>for respondent.</u>